UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                     Case No. 18-cr-20151-8
                                                     Hon. Matthew F. Leitman

v.

LATORIYA BROWN,

        Defendant.
_____/

## ORDER TO CLARIFY

Defendant Latoriya Brown is currently incarcerated at SFF Hazelton. She is serving a sentence of 61 months imprisonment – 49 months imprisonment for conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, and 12 months imprisonment for committing an offense while on release, in violation of 18 U.S.C. § 3147. (*See* Judgment, ECF No. 285, PageID.964–965.)

On January 30, 2020, Brown filed a Motion for Judicial Recommendation Concerning Halfway House Placement. (*See* Mot. for Judicial Recommendation, ECF No. 370.) Brown requested that the Court issue a recommendation to the Bureau of Prisons that she be allowed to spend the final 12 months of her sentence in a community correctional facility rather than in prison. (*See id.*, PageID.1407–1408.)

In a letter dated June 8, 2020, Brown wrote the Court to request that the Court reduce her sentence to time served or to home confinement. (*See* 6/8/20 Letter, ECF No. 387.) Due to delays in processing *pro se* mail, Brown's letter was not filed on the Court's docket

1

until August 12, 2020. Brown's letter appears to be a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). According to Brown, she has worked hard to improve herself while incarcerated. (*See id.*, PageID.1620.) And Brown notes that her mother – who has been caring for Brown's twin daughters while Brown has been incarcerated – recently suffered a massive stroke and is unable to care for Brown's children. (*See id.*, PageID.1620–1621.)

Under Section 3582(c)(1)(A), a defendant may not file a motion for compassionate release until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The exhaustion requirement in Section 3582(c)(1)(A) is "mandatory" and is not subject to any "judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020).

Brown has not given the Court enough information to determine whether she has satisfied this exhaustion requirement. Therefore, the Court **DIRECTS** Brown to file a supplement to her letter that informs the Court whether she has submitted a written request for compassionate release to the warden at SFF Hazelton. If Brown has submitted a written request for compassionate release to the warden, then Brown shall also inform the Court of the date on which she submitted the request, whether the warden responded to the request, and the date of the warden's response (if any).

If either (1) Brown has not submitted a request for compassionate release to the warden, or (2) Brown has submitted such a request but 30 days have not lapsed since the

warden received her request, then the Court will dismiss her current filing (ECF No. 387) without prejudice. In that event, Brown would be permitted to file a motion seeking compassionate release (or the appointment of an attorney to review such a motion) upon exhausting her remedies.

Additionally, Brown has not given the Court enough information to determine whether she is otherwise qualified for compassionate release. Accordingly, the Court **DIRECTS** Brown to use her supplement to also inform the Court why she believes she qualifies for compassionate release.

Further, it is unclear from Brown's most recent letter whether she is still seeking a judicial recommendation that she be sentenced to a community correctional facility. (*See* Mot. for Judicial Recommendation, ECF No. 370.) The Court **DIRECTS** Brown to inform the Court whether she is still seeking such a judicial recommendation. If she is not, then the Court will terminate her motion (ECF No. 370) as moot.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 13, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761

3