UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 18-cr-20151-8
Hon. Matthew F. Leitman

D8, LATORIYA BROWN,

    Defendant.

_____/

**ORDER DENYING (1) DEFENDANT'S MOTION FOR RELIEF (ECF No. 482) AND (2) SECOND MOTION FOR COMPASSIONATE RELEASE (ECF No. 500)**

Defendant Latoriya Brown is a federal prisoner in the custody of the Federal Bureau of Prisons. On November 20, 2018, Brown pleaded guilty to one count of wire fraud conspiracy in violation of 18 U.S.C. § 1349 pursuant to a Rule 11 Plea Agreement. (*See* Plea Agmt., ECF No. 181.) The Court subsequently sentenced Brown to a term of 61 months imprisonment. (*See* Judgment, ECF No. 285, PageID.965.)

On September 23, 2020, Brown filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 409.) The Court thereafter appointed counsel for Brown (*see* Order, ECF No. 410), counsel filed a supplemental brief on Brown's behalf (*see* Supp. Br., ECF No. 412), and the Court

1

held a hearing on the motion. On December 9, 2020, the Court denied Brown's motion and declined to grant her compassionate release. (*See* Order, ECF No. 431.)

Brown, through appointed counsel, has now filed a second motion for compassionate release.[1] (*See* Sec. Mot., ECF No. 500.) In Brown's current motion, she principally argues that she is entitled to compassionate release because the primary caregiver for her twin 10-year-old daughters – Brown's mother (since Brown's former spouse is no longer available) – has become incapacitated, and that incapacitation has required Brown's daughters to be separated and cared for in different homes by different friends of Brown. (*See id.*) Brown asks for release so that she can return home and "rais[e] her twin girls." (*Id.*, PageID.2708.) The Government opposes Brown's motion. (*See* Gvt. Resp., ECF No. 505.) The Court concludes that it may resolve Brown's motion without a hearing. *See* E.D. Mich. Local Rule 7.1(f)(2).

The parties dispute whether the separation of Brown's daughters constitutes an "extraordinary and compelling" circumstance under Section 3582. However, the Court need not reach that question because even if Brown could satisfy the "extraordinary and compelling" requirement under Section 3582, it would still deny her motion because the factors identified 18 U.S.C. § 3553(a) weigh strongly against

---

[1] Brown has also filed a *pro se* "motion for relief" in which she requests relief from her sentence. (*See* Mot., ECF No. 482.) For the reasons explained above, and in footnote two, *infra*, the Court **DENIES** Brown's *pro se* motion for relief.

2

release. Those factors require, among other things, that the Court consider "the nature and circumstances of the offense and the history and characteristics of the defendant," and that any sentence imposed "reflect the seriousness of the offense, [] promote respect for the law, [] provide just punishment for the offense; [] afford adequate deterrence to criminal conduct; [and] protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)-(2)(A)-(C).

As the Government persuasively argues, the Section 3553(a) factors described above weigh against Brown's release for several reasons:

- Granting Brown compassionate release now would not reflect the serious "nature and circumstances" of Brown's offense. Brown was an active participant in a multi-million-dollar fraud scheme that involved fraudulent transactions in at least nine states over the course of 15 months. As the Court noted at sentencing, Brown's conduct displayed "a long-term commitment to a life of crime." (ECF No. 424, PageID.2055.) Moreover, Brown's conduct caused several innocent third parties substantial harm when they were wrongly accused of being responsible for Brown's theft. (*See id.*, PageID.2056-2057.) Thus, Brown's crime here was a serious one, and releasing Brown from custody now would not reflect the seriousness of that offense.

3

- Releasing Brown from custody would not reflect "just punishment" for all of Brown's crimes, including the additional crimes that Brown committed while on pre-trial release in this case. When the Court sentenced Brown, it accounted for those crimes by requiring her to serve an additional one-year term of incarceration following the completion of her sentence for her underlying offense. (*See* Judgment, ECF No. 285, PageID.965.) As the Government points out, if the Court were to release Brown now, before she has completed her sentence for her underlying offense, she would escape punishment for the additional crimes she committed while on release. Simply put, given Brown's serious offense and the fact that she committed some of her criminal conduct while on bond, the goal of just punishment would be served here only by having Brown complete her entire sentence as originally imposed.
- Next, granting compassionate release to Brown would be inconsistent with promoting respect for the law. As the Court noted at sentencing, Brown showed gross disrespect for the law and for orders entered by this Court while free on bond and before that time. Releasing her now would undermine, rather than promote, respect for the law.
- Finally, granting Brown's motion would undermine the goal of deterrence and would not protect the public. Brown has a lengthy criminal history, and, as

noted above, committed additional crimes while on release in this case. The Court is not persuaded that Brown would be deterred from committing additional crimes in the future if she were released from custody now. The Court is also not persuaded that releasing Brown from custody now would protect the public from additional crimes by her.

For all of these reasons, the Court concludes that the Section 3553(a) factors weigh heavily against releasing Brown from custody.

Finally, the Court notes that while it is denying compassionate release to Brown, it has substantial sympathy for the plight of Brown's twin daughters. However, their separation here has been caused solely by Brown. And for all of the reasons explained above, despite their separation, Brown is not entitled to compassionate release at this time.

Accordingly, **IT IS HEREBY ORDERED** that Brown's second motion for compassionate release (ECF No. 500) is **DENIED**.[2]

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 25, 2022

---

[2] As noted above, on November 4, 2021, Brown filed a *pro se* motion for relief (ECF No. 482) in which she requested early release for the same reasons described above (*i.e.*, her mother's inability to continue to care for her twin daughters). (*See* Mot., ECF No. 482.) For all of the reasons described above that the Court denied Brown's second motion for compassionate release, it **DENIES** her *pro se* motion for relief.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 25, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
